THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>               Plaintiff,<br><br>          v.<br><br>WYNDHAM WORLDWIDE CORPORATION d/b/a WORLDMARK BY WYNDHAM formerly TRENDWEST RESORTS, INC.,<br><br>               Defendant. | No. C07-1531RSM<br><br>STIPULATION AND PROTECTIVE ORDER |

## STIPULATION

The parties, by and through their undersigned counsel, hereby stipulate to the entry of the following Protective Order.

**PERKINS COIE LLP**

By ____/s/ Andrew Moriarty_____          **Dated: June 30, 2008**
Andrew Moriarty, WSBA No. 28651
Amoriarty@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101
(206) 359-8000

*Attorneys for Defendant*
*Wyndham Worldwide Corporation*

STIPULATION AND PROTECTIVE
ORDER (NO. C07-1531RSM) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

62747-0002/LEGAL14171586.1

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

| | |
|---|---|
| WILLIAM R. TAMAYO | RONALD S. COOPER |
| Regional Attorney | General Counsel |
| | |
| JOHN F. STANLEY | JAMES L. LEE |
| Supervisory Trial Attorney | Deputy General Counsel |
| | |
| MOLLY KUCUK | GWENDOLYN Y. REAMS |
| Senior Trial Attorney | Associate General Counsel |

By: \_\_\_\_/s/ Molly P. Kucuk\_\_\_\_\_           **Dated: June 30, 2008**
Molly P. Kucuk
MOLLY.KUCUK@ EEOC.GOV
Seattle Field Office                                San Francisco District Office
909 First Avenue, Suite 400                  350 The Embarcadero, Suite 500
Seattle, Washington 98104                   San Francisco, CA 94105-1260
Telephone (206) 220-6853

*Attorneys for Plaintiff EEOC*

## ORDER

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 26(c) and the stipulation of the parties, that the following provisions shall govern the handling of confidential and proprietary information and documents produced in this action: "Confidential Material" includes:

(i)       any record or document regarding the physical and/or mental condition of Claimants Ryan Vaughan, Michael Poitras, Steven Poitras, Ryan Henley or Bryan Berndtson or another person, including but not limited to any medical and/or psychological evaluation; diagnosis, prognosis, prescription and/or medical bill of a Claimant;

(ii)      any record or document containing financial, technical, operational or other information that is treated as confidential by a party or by Mr. Vaughan or Mr. Poitras;

(iii)     any record or document that is part of an individual's personnel file or similar file, or that relates to an individual's compensation or performance.

If other documents not specifically addressed above are determined by the parties to be confidential and the parties agree by stipulation to so designate the documents, the terms of this Stipulated Protective Order will apply to such documents.

STIPULATION AND PROTECTIVE
ORDER (NO. C07-1531RSM) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

62747-0002/LEGAL14171586.1

"Confidential Material" may not be used or disclosed to anyone except as provided in this Protective Order and shall be used only for purposes of adjudicating the claims and issues between the parties that have been raised in this action.  "Confidential Material" shall not be used for any other purpose. Neither the "Confidential Material" described herein nor the fact of its existence shall be made available to any person other than as provided herein.

Any "Confidential Material," as well as any copies of excerpts therefore, or analysis or reports pertaining thereto, may be made available only to the following persons(s):  (1) Counsel for the receiving party ("Counsel" includes any attorneys, staff, paralegal, or extern working at the EEOC or a law firm that is counsel of record for the receiving party); (2) The Court ("The Court" includes Judges, Commissioners, law clerks and other personnel of this Court); (3) Independent experts who have been retained by a party to consult with, give expert testimony, or otherwise assist in the preparation of the action for trial; (4) Court reporters or stenographers engaged to record deposition testimony, and their employees; (5) Persons who authored the document or to whom the document or a copy thereof was previously provided by the producing party or in the ordinary course of business; (6) Employees (and former employees) of Wyndham Worldwide or related entities only to the extent counsel of record directs their review of such documents for prosecution, defense and/or settlement of this litigation and requires such persons to review this Protective Order and agree, in writing, to comply with its terms; (7) Mediator(s) retained by the parties; and, (8) Such other persons as hereafter may be authorized by the Court upon motion of either party or upon stipulation of all parties as entered by the Court.

Excluding counsel, Judges, Commissioners, law clerks and other personnel of this Court or a mediator(s) retained by the parties, each person who is permitted by the parties or their counsel to have access to "Confidential" information shall, prior to being given such access, be provided with a copy of this Protective Order for review. Upon receiving the same, such person

STIPULATION AND PROTECTIVE
ORDER (NO. C07-1531RSM) – 3

62747-0002/LEGAL14171586.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

shall sign a Disclosure Agreement, indicating that he or she has read this Protective Order and has agreed to be bound by its terms. The "Disclosure Agreement" shall provide as follows:

### DISCLOSURE AGREEMENT

I, _____, understand that information and/or documents which are to be disclosed to me by counsel of record for _____ (name of party), are "Confidential" and to be used by me solely to assist in the matter of *EEOC v. Wyndham Worldwide Corporation d/b/a Worldmark By Wyndham formerly Trendwest Resorts.*, United States District Court for the Western District of Washington, at Seattle, Case No. CV 07-1531-RSM. I further understand that a Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such documents and information to any person other than counsel or record or persons assisting them. In accepting disclosure, I agree to be bound by the Protective Order and to be subject to the jurisdiction of the United States District Court for the Western District of Washington for purposes of its enforcement and the enforcement of my obligation under this Agreement.

_____
Signed by recipient

Dated: _____

The signed Disclosure Agreement shall be retained by counsel of record for the party providing the disclosure.

In the event that any Confidential information or material is included with any pleading, motion, deposition transcript, or other paper filed with the Clerk of the Court, the filing party shall either: (a) inform the party that produced the Confidential information or material of the filing party's intent to file the same, sufficiently in advance of the filing to enable the producing party to move for an order sealing the Confidential portions of the filing; or (2) by motion or

STIPULATION AND PROTECTIVE
ORDER (NO. C07-1531RSM) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

stipulation, seek an order from the Court permitting the Confidential information or material to be filed under seal in accordance with Local Rule CR 5(g)(2).

The fact that "Confidential Material" produced pursuant to this Protective Order has been utilized at depositions, in papers filed with the Court, at trial, or upon appeal, shall not, in any way, release any person bound by this Protective Order from their obligations under this Protective Order.

If, at any time, counsel for any party believes it is necessary to disclose "Confidential Material" to persons other than those permitted by this Protective Order, said counsel may make an appropriate application to the Court requesting that the specifically identified document, response to any discovery request or deposition testimony and any information contained therein, be excluded from the provisions of this Protective Order and be available to specified other persons. The producing party shall be given notice and reasonable time to object or to the disclosure.

"Confidential Material" obtained by a party shall at all times be kept, maintained and stored in such a manner as to prevent disclosure except in accordance with the terms of this Order.

On written agreement of the parties, the provisions of this Protective Order may be modified by an order of this Court. Nothing contained herein shall be deemed to preclude either party from waiving any protection afforded to its information under this Protective Order, provided such waiver is in writing or is recorded in a transcript during deposition testimony.

If any party believes that any document or information that is claimed to be Confidential does not contain confidential material, such party may contest the applicability of this Protective Order to such information by notifying the opposing party's counsel in writing and identifying the information contested. The parties shall have seven (7) days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within said period, the party seeking the protection shall have seven (7) additional days in which to make a motion for the

STIPULATION AND PROTECTIVE
ORDER (NO. C07-1531RSM) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

protection of such document or information.  The document or information that is subject to a dispute as to whether it is in fact Confidential, shall, until further order of the Court, be treated as Confidential in accordance with the provisions of this Protective Order.

Nothing in this Protective Order prevents a party or Claimant from using or disclosing its or his own Confidential Material as such party or Claimant sees fit.

This Protective Order will not prejudice the right of any party or third-party to oppose production of any information on the ground of attorney-client privilege, work product immunity or any other privilege or protection provided under the law.

This Protective Order shall survive this proceeding, and shall remain in effect unless modified by an Order of this Court.  Counsel shall be entitled to retain memoranda, pleadings, deposition transcripts and work product embodying information derived from such Confidential Material to the extent reasonably necessary to preserve a file in this litigation.  Plaintiff agrees to segregate all documents received from Wyndham designated as Confidential Material from all other documents produced during the course of the litigation.  Plaintiff will clearly mark the documents "Confidential/Do Not Disclose" and will mark this segregated group of documents with the warning "Consult EEOC Regional Attorney for San Francisco District"

SO ORDERED this _1_ day of _July_, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

STIPULATION AND PROTECTIVE
ORDER (NO. C07-1531RSM) – 6

62747-0002/LEGAL14171586.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000