UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>WYNDHAM WORLDWIDE CORPORATION, d/b/a WORLDMARK BY WYNDHAM, formerly TRENDWEST RESORTS, INC.<br><br>        Defendant. | CASE NO. C07-1531RSM<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter is before the Court for consideration of defendant's motion for partial summary judgment, Dkt. # 14. The Court held oral argument on September 19, 2008, and the matter has been fully and carefully considered. For the reasons set forth below, the Court now GRANTS IN PART and DENIES IN PART defendant's motion.

FACTUAL BACKGROUND

Plaintiff Equal Employment Opportunity Commission ("EEOC") brought this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, alleging unlawful employment practices by the defendant Wyndham Worldwide Corporation ("Wyndham") at one of its properties, the Birch Bay Resort. Specifically, plaintiff contends that five male employees at the Birch Bay Resort were subjected to unlawful sexual harassment by a supervisor. Defendant has moved for partial summary judgment on five separate bases. The Court gave

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

a preliminary ruling on the motion at the close of oral argument, and now sets forth the analysis.

## BACKGROUND

The five young men—Ryan Vaughan, Bryan Berndtson, Michael Poitras, Steven Poitras, and Ryan Henley---worked in various capacities at Birch Bay Resort from September 2004 through December 2005, the date the harasser Matt Brennan resigned. Brennan was the resort manager. The claimants' allegations against him include touching, suggestive remarks, outright solicitation, lewd talk, invitations to drink, and one incident of groping. The conduct toward claimants Vaughan and Berndtson was the most egregious.

In moving for partial summary judgment, defendant does not dispute the allegations regarding Mr. Brennan's conduct, but rather asserts five separate bases for dismissal of some of the claims. Specifically, defendant contends that:

(1) Berndtson's claims must be dismissed as untimely;

(2) the claims of the two Poitras brothers and of Ryan Henley fail because they do not sufficiently allege severe or pervasive harassment;

(3) the claims of the Poitras brothers, Henley, and Berndtson fail under the Faragher/Ellerth "Reasonable Care" affirmative defense;

(4) there is no basis for injunctive relief; and

(5) the claimants cannot recover damages for emotional distress.

Defendant has not moved for summary judgment as to the merits of the claims asserted by Vaughan, except to the extent that grounds (4) and (5) would apply to him.

## ANALYSIS

To prevail on a Title VII hostile work environment claim, a plaintiff must show that (1) he was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *Vasquez v. County of Los Angeles*, 349 F. 3d 634, 642 (9th Cir. 2003). To determine whether the conduct was sufficiently severe or pervasive, the Court should look at all the

circumstances, "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (internal quotations omitted).

The Ninth Circuit Court of Appeals has held that "the required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct." *Ellison v. Brady*, 924 F. 2d 872, 878 (9th Cir. 1991) (citing *King v. Board of Regents of University of Wisconsin System*, 898 F. 2d 533, 537 (7th Cir. 1990). Thus, multiple acts that individually might not create a hostile work environment may in the aggregate amount to a violation of Title VII. However, prior incidents of which a plaintiff is unaware cannot contribute to a hostile work environment with respect to that plaintiff. *Brooks v, City of San Mateo*, 229 F. 3d 917, 924 (9th Cir. 2000).

I. <u>Motion regarding the claims of the two Poitras brothers and of Ryan Henley</u>

Defendant asserts that the claims of these three men fail because they do not sufficiently allege severe or pervasive harassment. Defendant contends that "no reasonable factfinder could conclude that their allegations describe an actionably hostile and abusive work environment." Defendant's Motion, Dkt. # 14, p. 3.

The allegations made by these three men are that Brennan repeatedly touched their hair and faces (to check for shaving), sniffed their necks (to check if they had showered), leered suggestively at them, commented on their physical attributes, provided uniforms that were too tight, suggested that they change their clothes in his office and in his presence, said he knew where they could get great oral sex, and invited them to his home for drinks. While it may be arguable that none of these actions standing alone would create a hostile work environment, when they are viewed together, the Court cannot say as a matter of law that they are not sufficiently severe or pervasive to create a hostile work environment. "The required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct." *Ellison v. Brady*, 924 F. 2d 872, 878 (9th Cir. 1991).

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

The Court finds that Brennan's conduct toward these three men presents issues of fact for the jury and DENIES defendant's motion for summary judgment as to these men's claims.

## II. The *Faragher/Ellerth* Affirmative Defense

Defendant also contends that the claims of the Poitras brothers, Henley, and Berndtson all fail under the *Faragher/Ellerth* "reasonable care" affirmative defense. This defense arises from two Supreme Court cases holding that when no adverse employment action has been taken, a defendant employer may raise an affirmative defense against damages where the employer can demonstrate that (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer. *Burlington Industries, Inc., v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). The affirmative defense is intended to encourage the development of antiharassment policies, promote conciliation, and encourage employees to report harassing conduct before it becomes severe or pervasive. *Kohler v. Inter-Tel Techs*, 244 F. 3d 1167, 1175 (9th Cir. 2001) (quoting *Ellerth*, 524 U.S. at 764).

There is no dispute regarding the absence of adverse employment action here. Therefore, defendant is entitled to assert the defense if the required elements are proven.

As to the first element, defendant argues that it exercised reasonable care to prevent sexual harassment in the workplace through an anti-harassment policy, which is enunciated in a handbook given to every new employee. Defendant further states that when it first became aware of allegations that the Poitrases had been harassed, a Human Resources manager was dispatched to the resort to investigate. HR manager Ellen Perrin apparently obtained only one statement, from Steven Poitras (the only one besides Vaughan who was still working at the resort at the time). This was in December, 2005, and the investigation ended shortly thereafter with Brennan's resignation.

Plaintiff EEOC contends that defendant cannot meet the requirements for either prong of the affirmative defense. As to the first prong, plaintiff asserts that defendant has not demonstrated that it exercised reasonable care to prevent and correct the harassment. It is insufficient for the employer to

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

simply have an anti-harassment policy in place. *Swinton v. Potomac Corp.*, 270 F. 3d 794, 811 (9th Cir. 2001). The immediate investigation of a harassment complaint is an essential element of the affirmative defense. *Swenson v. Potter*, 271 F. 3d 1184, 1192-93 (9th Cir. 2001). According to plaintiff, defendant had notice of Mr. Brennasn's conduct well before the December 2005 investigation was opened. Plaintiff states that Assistant Manager Kay McCroskey testified that defendant was aware of the harassment fifteen months before the investigation began, and complained to the regional vice-president at least six months prior to the investigation. These and other allegations by plaintiff regarding awareness within the company raise an issue of fact for the jury with respect to the first prong of the affirmative defense.

Similarly, the parties are in dispute regarding the facts relating to the second prong of the affirmative defense: whether the harassed employees "unreasonably" failed to take advantage of preventive or corrective measures. Defendant argues that none of the claimants utilized the "hotline" number given in the employee handbook to report the harassment anonymously, and four of them admitted that they did not report Brennan's behavior to Human Resources. Michael Poitras testified that he spoke to Vaughan about Brennan's actions in September or October of 2005, but three remaining claimants testified that they never reported the harassment to anyone other than each other. Defendant's Motion, Dkt. # 14, p. 16.

Plaintiff disputes this characterization of the employees' actions. Plaintiff contends that three of the men—M. Poitras, S. Poitras, and Berndtson---all reported the harassment to Vaughan, their immediate supervisor. Apparently Vaughan did not carry the reports forward as a formal complaint, but Vaughan was himself being harassed, and Brennan was also his supervisor. According to plaintiff, Vaughan did complain of his own harassment to his direct supervisor, Kay McCroskey, and she took the complaint to a district vice president, Mike Elson, who was Brennan's direct supervisor. Ms. McCroskey later requested a transfer to another resort, apparently due to the intolerable situation regarding Brennan.

The availability of the *Ellerth/Faragher* affirmative defense is a question of fact for the jury. The

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5

Comment to the Ninth Circuit's Model Jury Instruction on this affirmative defense states,

> When harassment is by the plaintiff's immediate or successively higher supervisor, an employer is vicariously liable, subject to a potential affirmative defense. *Faragher*, 524 U.S. at 780; *Nichols v. Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864, 875 (9th Cir. 2001). For vicarious liability to attach it is not sufficient that the harasser be employed in a supervisory capacity; he must have been the plaintiff's immediate or successively higher supervisor. *Swinton*, 270 F.3d at 805, citing *Faragher*, 514 U.S. at 806. An employee who contends that he or she submitted to a supervisor's threat to condition continued employment upon participation in unwanted sexual activity alleges a tangible employment action, which, if proved, deprives the employer of an *Ellerth/Faragher* defense. *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1173 (9th Cir.2003) (affirming summary judgment for the employer due to insufficient evidence of any such condition imposed by plaintiff's supervisor). *See Pennsylvania State Police v. Suders*, 542 U.S. 129, 137-38 (2004), for discussion of tangible employment action.
>
> The adequacy of an employer's anti-harassment policy may depend on the scope of its dissemination and the relationship between the person designated to receive employee complaints and the alleged harasser. *See, e.g., Faragher*, 524 U.S. at 808 (policy held ineffective where (1) the policy was not widely disseminated to all branches of the municipal employer and (2) the policy did not include any mechanism by which an employee could bypass the harassing supervisor when lodging a complaint).
>
> "While proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense." *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807.
>
> Although proof that the plaintiff failed to use reasonable care in avoiding harm is not limited to showing an unreasonable failure to use any complaint procedure provided by the defendant, a demonstration of such failure will normally suffice to satisfy this prong. *See Ellerth*, 524 U.S.at 765; *Faragher,* 524 U.S. at 807–08.

Comment, Ninth Circuit Model Civil Jury Instruction 10.2B. Thus, while the *Ellerth/Faragher* affirmative defense may be available to defendant, the parties' disputes regarding the immediacy of defendant's investigation, and the claimants' reports, present questions of fact for the jury as to its actual applicability. Summary judgment shall accordingly be DENIED as to this affirmative defense.

### III. Injunctive Relief

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6

The EEOC has requested injunctive relief in the complaint, asking the Court for a permanent injunction to enjoin defendant from "engaging in any employment practices which discriminate on the basis of sex against any individual." Complaint, p. 4. Plaintiff also asks the Court to order defendant to institute and carry out policies and programs which provide equal employment opportunities for all employees, and which "eradicate the effects of its past and present unlawful employment practices." *Id*. Defendant contends that there is no basis for awarding injunctive relief, because "the specific harassment alleged in this lawsuit cannot possibly reoccur because Brennan and all of the claimants have long since left Wyndham's employ." Defendant's Motion, p. 17. Defendant argues that injunctive relief is unavailable when an injunction is "unnecessary to prevent future violations of Title VII." *Id.*

The injunctive relief available under Title VII is far broader than that necessary to prevent a recurrence of the specific behavior alleged in the lawsuit (i.e., by the same perpetrator). Pursuant to statute, once the Court has found that the defendant has "intentionally" engaged in the unlawful employment practice charged in the complaint, the Court may enjoin the defendant from "engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, [including] . . . any other equitable relief as the court deems appropriate." 42 U.S.C. 2000e-5(g). Thus, the Court is authorized to enjoin further acts of sexual harassment, regardless whether Mr. Brennan is still employed there.

Where a district court denies injunctive relief without specifically finding that the defendant employer is unlikely to repeat its actions, the court abuses its discretion. *EEOC v. Goodyear Aerospace Corp.*, 813 F. 2d 1539, 1543 (9th Cir. 1987). Although Mr. Brennan has resigned, other managers who knew of the on-going harassment and failed to react are still with the company. On the record now before the Court, the Court cannot find that the employer is unlikely to repeat its actions. Therefore, the Court shall decline to dismiss the claim for injunctive relief. Defendant's motion for summary judgment on this basis is DENIED.

IV. Damages for Emotional Distress

Plaintiff has requested that defendant compensate the claimants for losses arising from emotional distress, pain and suffering, and loss of enjoyment of life. Complaint, pp. 4-5. Defendant contends that the claimants are barred from recovering damages for emotional distress because the EEOC failed to produce evidence relating to the claimants' mental and emotional state when requested to do so in discovery. Plaintiff asserted objections in response to the request for medical or therapy records of each claimant, stating that the request was burdensome, overbroad, sought irrelevant information, and further was subject to doctor/patient and psychotherpist/patient privilege. Defendant's motion to exclude damages for emotional distress is based on the two-pronged argument that federal law does not recognize a physician-patient privilege, and while it does recognize a psychotherapist-patient privilege, that privilege was waived by the assertion of claims for emotional distress.

The courts are split on whether a plaintiff waives his psychotherapist-patient privilege by putting his mental state at issue when claiming damages for emotional distress. *See*, *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D.Cal. 1999) (collecting cases). The *Fritsch* court found that the plaintiff had not waived the privilege by claiming damages for emotional distress. *Id*. at 632. Here, this Court did not have an opportunity to consider the issue and weigh the various factors involved in the waiver determination, because defendant never filed a motion to compel the discovery or otherwise challenged plaintiff's objections to the requested discovery. Those objections were not based on privilege alone. In the absence of any Court determination that plaintiff's objections to providing the claimants' medical records were invalid, the Court will not penalize claimants by denying their claims to damages for emotional distress.

This result is not prejudicial to defendant because the claimants' emotional distress claims are not based on their medical records but rather on their own testimony, which defendant may test by cross-examination. The medical records will not be used to support the claimants' testimony. This is appropriate where plaintiffs assert merely "garden variety" emotional distress symptoms, such as depression, anger, low self-esteem, and so on. These "garden variety" emotional distress claims do not place the claimants' mental state sufficiently at issue to constitute a waiver of the privilege. *See*,

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8

*Fitzgerald v.* Cassil, 216 F.R.D. 632, 636-40 (N.D.Cal. 2003).

Defendant's motion for summary judgment as to the claims for emotional distress is accordingly DENIED.

V. <u>Time Bar as to Berndtson's Claim</u>

Finally, defendant contends that the EEOC's claim on behalf of claimant Berndtson must be dismissed because the last conduct which he alleges occurred more than 300 days before the EEOC filed charges. Mr. Berndtson's last date of employment was December 23, 2004, and the EEOC suit was not filed until April 7, 2005 (originally based on the charges laid by Vaughan).

The parties are in agreement over the Title VII statute of limitations and filing limits, but disagree on how they should be applied in this case regarding hostile work environment claims. Defendant contends that the later-filed charges, even those involving the same perpetrator, cannot revive claims which are no longer viable at the time of filing. Plaintiff, in opposition to this argument, asserts that under the Supreme Court's recent clarification of the "continuing violation" doctrine set forth in *National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101 (2002), no part of the EEOC's claim is time-barred. The Court finds that this is an overbroad reading of the holding in *Morgan*.

The *Morgan* Court rejected application of the continuing violation doctrine for discrete acts of harassment or discrimination by holding that "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period. . . .[D]iscrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges." *Id*. at 112-113. However, "hostile environment claims are different in kind from discrete acts." *Id*. at 115. "In order for the charge to be timely, the employee need only file a charge within . . . [the limitations period] of any act that is part of the hostile work environment." *Id*. at 118.

Plaintiff has focused on the language in *Morgan* stating that "it does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period." *Id.* at 117. Further, "[h]ostile work environment claims "**will not be time barred so long**

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9

**as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period.**" *Id*. at 122 (emphasis added). Plaintiff argues that this means that even though all acts toward claimant Berndtson fell outside the statutory filing period, his claims are actionable because other acts toward different claimants fell within that period, thus fulfilling the "at least one act" requirement.

However, the Court finds that this language applies to **acts**, not **claimants**. Plaintiff has not cited to a single case in which additional claimants, whose stale claims would otherwise be time-barred, were bootstrapped into a Title VII case by acts directed toward other claimants which fell within the filing period. On the contrary, plaintiff's very argument has been rejected by at least one court in this circuit. In a case involving eight claimants, six with claims based on at least one act with the filing period and two whose harassment occurred entirely before the 300 day period began to run, the court found the claims of the two time-barred. *EEOC v. GLC Restaurants*, *Inc*., 2006 WL 3052224 (D.Ariz. 2006). The following language in the court's opinion is instructive:

> The EEOC alleges a hostile work environment on behalf of eight people it claims were harassed from January, 2001 to September, 2002. The four named Plaintiffs filed charges with the EEOC on March 17 and 20, 2003. Under Title VII, the EEOC can assert hostile work environment claims on behalf of these individuals only if at least one of the acts that contributes to the hostile work environment occurred within the 300 days that preceded those filings---that is, after May 21 and 24, 2002, respectively. Individual claims based on acts that occurred before that period are time-barred.
>
> Class members Charlene Hannah and Mary Hellman allege harassment that occurred entirely before May 21, 2002. Neither filed a charge with the EEOC. The EEOC argues, nevertheless, that as long as *some* harassment directed toward *some* of the plaintiffs occurred within 300 days of the filing of the charge, it can bring suit on behalf of any Plaintiff, even if that Plaintiff did not experience harassment within the 300-day period. In support, the EEOC cites *EEOC v. Local 350 Plumbers and Pipefitters,* which allowed a challenge to a union's allegedly discriminatory policy using evidence of discrimination both within and outside the 300-day period. 998 F. 2d 641, 644-45 (9th Cir. 1993). Reliance on this case is misplaced, however, because the evidence of discrimination outside the 300-day period was used only to support the claims of a plaintiff who had alleged discrimination within the 300-day period. *Local 350* differs from this case, in which the EEOC attempts to use some Plaintiffs' timely charges to support other Plaintiffs' entirely untimely claims.

*Id*. at *2.

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10

Thus, while under *Morgan* "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability," there is no basis for resurrecting the stale claims of claimant Berndtson. *Morgan*, 536 U.S. at 117. This language authorizes the use of Berndtson's testimony regarding his harassment, as it relates to Wyndham's liability for the hostile employment environment throughout the period 2004-2005. However, it does not authorize inclusion of Berndtson himself as a claimant, because his claims are time-barred. Defendant's motion for summary judgment as to claimant Berndtson is accordingly GRANTED.

Dated this 3rd day of October, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE